## BUTTS BROTHERS *v.* ENNIS.

Under the evidence submitted, the judge did not err in refusing the interlocutory injunction in this case.

No. 686. June 12, 1918.

Petition for injunction. Before Judge Park. Baldwin superior court. October 26, 1917.

Butts Brothers instituted an action against T. H. Ennis, to enjoin him from interfering with their use of certain gasoline-filling tanks. The plaintiffs claimed a right to the use of the tanks under a contract with H. K. Brown, an alleged tenant of Mrs. Annie H. McCombs. The tanks were used in connection with a garage which Mrs. McCombs had leased to H. K. Brown. One of them was situated within the building, and the other two

on the sidewalk in front of the garage. After Brown had leased the garage and while conducting the business therein, he contracted with the plaintiffs whereby he granted them the right to use the tanks in carrying on an independent business of supplying gasoline to their customers. So far as material to be stated, the lease from Mrs. McCombs to Brown was for one year and provided: "that, for and in consideration of the mutual promises and agreements herein recited, the parties do hereto contract as follows: the party of the first part does hereby rent, lease, and hire unto the party of the second part, a certain house and lot . . known as the R. H. McCombs garage. The party of the first part hires to the party of the second part all of the machinery, fixtures, and tools contained in the building on the land herein leased. Said machinery, fixtures, and tools consist in the main of lathe, drill, . . oil and gasoline tanks. . . But it is the intention of the party of the first part to hire to the party of the second part all the machinery, tools, and fixtures used in and about the business recently conducted by the R. H. McCombs Auto Co., but it is understood that J. L. Black has one half interest in certain parts of the machinery hired, and it is not intended that any interest of the said Black in said machinery shall pass under this contract. The term for which this lease and contract of hiring shall run begins this day and ends on the 7th day of July, 1918. The party of the first part agrees to keep the building on the land leased in repair. The party of the second part, in consideration of the agreements of the party of the first part, agrees to pay to the party of the first part the sum of one hundred and fifty dollars ($150.00) per month for the rent of said property, which rental shall fall due on the 7th of each month, beginning August, 1917; and the party of the second part has executed to the party of the first part his promissory notes for said rental. The party of the second part further agrees that he will keep the personal property hired him under this contract in good repair, so as to return the same at the expiration of the lease and term of hiring in as good condition as when received, ordinary wear excepted." The contract between Brown and the plaintiffs is not copied in the record; but it was alleged in the petition that the plaintiffs under the terms of the contract were to pay Brown a stated sum per month, in consideration of which they "were to have the exclusive right

of using said gasoline tanks for the purpose of storing therein gasoline manufactured by the Gulf Refining Co., and selling said gasoline to various customers. . . The said H. K. Brown agreed not to sell any gasoline at said garage, but your petitioners to have the exclusive right to sell gasoline at said garage from said tanks." While plaintiffs were engaged in business under their contract with Brown, Mrs. McCombs and Brown canceled their contract above mentioned; and Mrs. McCombs entered into a contract with T. H. Ennis, similar to the canceled contract theretofore made with Brown, without in any manner recognizing the right of the plaintiffs to use the tanks under their contract with Brown. The contract with Ennis was made on October 8, 1917, and the plaintiffs continued their business without objection upon the part of Ennis until October 15, 1917, when Ennis informed them that they could no longer use the tanks. It was alleged in the petition that Ennis was insolvent, and that he had leased the property directly from Brown with notice of the plaintiffs' prior contract with Brown, and that Mrs. McCombs had recognized and assented to plaintiffs' contract with Brown; but upon the interlocutory hearing the evidence indicated that Ennis, instead of holding under Brown, claimed directly under a lease from Mrs. McCombs. There was no evidence as to his insolvency, and the evidence was conflicting on the question of notice to Mrs. McCombs of a contract between Brown and plaintiffs and her assent to the use of the tanks by the plaintiffs under that contract. The judge refused the interlocutory injunction, and the plaintiffs excepted.

*Allen & Pottle,* for plaintiffs.

*Sibley & Sibley* and *Hines & Vinson,* for defendant.

ATKINSON, J. The contract between Mrs. McCombs and Brown speaks of leasing real estate and hiring personal property. Whether the contract in so far as it relates to the tanks was one of "leasing" or "hiring," Brown did not acquire the right to sublet without the assent of Mrs. McCombs. Civil Code, §§ 3691, 3485. As the plaintiffs' basis of claim was under Brown, whether as tenant or bailee, it was incumbent upon them to show assent of Mrs. McCombs to their contract with Brown. This was a question of fact upon which, under the pleadings and evidence, the judge was authorized to find adversely to the plaintiffs. In the brief of counsel for the plaintiffs it was stated: "Our contention is

that the contract between Butts and Brown was in no sense a subletting contract. The relation of landlord and tenant was not established as to that. It was merely a sale by Brown to Butts of a franchise, a right which had no relation to the property leased by Brown from the owner." This contention is not supported by the record in the case. The question of notice to Ennis of the plaintiffs' claim to the use of the tanks would be unimportant if his claim were not meritorious. The judge did not err in refusing the injunction.

*Judgment affirmed. All the Justices concur.*